# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1304V
Filed: March 24, 2016
Not to be Published

| | | |
|---|---|---|
| MICHAEL MILOCIK, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Petitioner's motion to dismiss in order to sue civilly granted; influenza vaccine; pain at vaccine site; sore throat; cough; hoarseness; severe headaches; numbness; general discomfort; vision changes |

Michael Milocik, Jackson, NJ, for petitioner (pro se).
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

**DECISION**[1]

On October 30, 2015, petitioner filed a petition pro se under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered October 4, 2015 caused him pain at the injection site, cough, sore throat, hoarseness, and severe headaches. Pet. at 1. He also alleges numbness, general discomfort, and vision changes. Id. at 2. Attached to the petition is a note, dated September 8, 2014, from petitioner's renal specialist, Dr. Daniel Brouder, stating that petitioner was in kidney failure, stage 6, and receiving dialysis three days a week for about five hours per treatment session.

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On February 23, 2016, the undersigned held the first telephonic status conference, which was recorded, with the parties. Petitioner said he had telephoned an attorney who said he would contact another attorney to see if he could represent him, but the first attorney never called back. Prior to the conference, the undersigned had sent petitioner a list of vaccine attorneys to enable petitioner to contact any of the attorneys on the list to represent him. Petitioner said he would file proof of his immunization, which he did on March 10, 2016.

On March 24, 2016, the undersigned held another telephonic status conference, which was recorded, with the parties. The undersigned asked petitioner if he had found an attorney to represent him. Petitioner replied he did not want an attorney. The undersigned said he had the right to represent himself and asked him to file his medical records. Petitioner said he did not want to file his medical records. He wanted to sue Walgreens (the vaccine administrator) and Sanofi (the vaccine manufacturer). The undersigned said that petitioner had the right to move to dismiss so that he could sue the vaccine administrator and vaccine manufacturer in civil court. The undersigned then asked if petitioner was moving orally to dismiss and he replied that he was. The undersigned stated she would grant his motion and after the dismissal decision was filed, the court would enter judgment. Then, within 90 days of the entry of judgment, petitioner must file an election to sue civilly in order to sue the vaccine administrator and/or the vaccine manufacturer. 42 U.S.C. § 300aa-21(a)(2).

The undersigned grants petitioner's oral motion to dismiss and dismisses this case for failure to make a prima facie case of causation in fact. Petitioner may sue the vaccine administrator and/or the vaccine manufacturer if he files an election to sue civilly within 90 days of the entrance of judgment.

**DISCUSSION**

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal

association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for his flu vaccination, he would not have had sore throat, cough, numbness, severe headaches, general discomfort, hoarseness, and vision changes, but also that his flu vaccination was a substantial factor in causing these symptoms. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, petitioner has chosen not to file any medical records or expert medical opinion. Instead, he wants to pursue a civil action against Walgreens and Sanofi, the vaccine administrator and vaccine manufacturer, respectively.

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 24, 2016

____________________________

Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.